CHARLES PORTER and others *vs.* DANIEL S. DICKERMAN.

A misjoinder of plaintiffs is not waived by reference of the case to an arbitrator under rule of court, and prevents judgment in favor of any of them on the award.

ACTION OF CONTRACT by the heirs of Israel Washburn for use and occupation. The case was referred by rule of the court of common pleas to an arbitrator, who found that the defendant occupied a tenement belonging to some of the plaintiffs at a yearly rent, but that during his occupancy some of the plaintiffs had no title or interest in the premises. The defendant contended that the plaintiffs could not maintain their action, because they had not shown that the defendant was indebted to all of them jointly; and the arbitrator reported this question to the court, and awarded for the plaintiffs, if they or any of them were entitled to recover in this action; otherwise, for the defendant.

*E. H. Bennett,* for the plaintiffs. The only objection to the award is that some plaintiffs joined in the action, who did not own the estate. This defect was capable of being amended under *St.* 1839, c. 151, § 2, and therefore waived by reference under rule of court. *Forseth* v. *Shaw,* 10 Mass. 253. *Coffin* v. *Cottle,* 4 Pick. 454. *Merrill* v. *Gold,* 1 Cush. 460. *Page* v. *Monks,* 5 Gray, 492. *Dodge* v. *Wilkinson,* 3 Met. 292. The arbitrator gives judgment for the plaintiffs if any of them are entitled to recover.

If an amendment is necessary, the plaintiff moves to amend

by striking out the names of those having no interest in the suit.

*C. I. Reed*, for the defendant.

Metcalf, J.    Here is a palpable misjoinder of plaintiffs, which is fatal to the maintenance of the action by all or by any one or more of them.    Therefore, according to the terms of the award, the court cannot render judgment on it for all or any one or more of them ; but must render judgment for the defendant, unless the plaintiffs amend, under *St.* 1839, *c.* 151, § 2, by striking out of their writ one or more of their names.    Such amendment may, by that statute, be permitted in any stage of the proceedings, when, in the opinion of the court, the ends of justice will be thereby subserved.

In this case, the plaintiffs may amend by striking out the names of such of them as have no interest in the suit, on paying costs, including the arbitrator's fees.    On thus amending and paying costs, the rule of reference is to be discharged and the case sent back to the court of common pleas for further proceedings.    If the plaintiffs do not thus amend and pay costs, then judgment is to be rendered for the defendant, on the award, at a future term of the court.